UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARK J. SULLIVAN,**<br><br>    PLAINTIFF,<br><br>V.<br><br>**PLAZA CONSTRUCTION, LLC, ET AL.,**<br><br>    DEFENDANTS. | **CASE NO. 20-578 (RJL)** |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants Plaza Construction, LLC, Plaza Construction DC, LLC, and Jason L. Greaves (collectively referred to herein as "Defendants"), by and through their attorneys, Justin M. Flint, Abby A. Franke, and Eccleston & Wolf, P.C., pursuant to FRCP 8 and 12(a)(4)(A), hereby answer the allegations in Plaintiff's Complaint as follows:

### Parties

1. Defendants lack sufficient knowledge and information to admit or deny Paragraph 1, and Defendants therefore deny the same and demand strict proof thereof. To the extent this paragraph requires a legal conclusion, no response is required, and it is therefore deemed denied.

2. Paragraph 2 requires a legal conclusion to which no response is necessary, and Defendants therefore deny the same and demands strict proof thereof.

3. Paragraph 3 requires a legal conclusion to which no response is necessary, and Defendants therefore deny the same and demands strict proof thereof.

4. Paragraph 4 requires a legal conclusion to which no response is necessary, and Defendants therefore deny the same and demands strict proof thereof.

## Jurisdiction

5. Paragraph 5 requires a legal conclusion to which no response is necessary, and Defendants therefore deny the same and demands strict proof thereof.

## Facts

6. Defendants lack sufficient knowledge and information to admit or deny Paragraph 6, and Defendants therefore deny the same and demand strict proof thereof. To the extent this paragraph requires a legal conclusion, no response is required, and it is therefore deemed denied.

7. Paragraph 7 requires a legal conclusion to which no response is necessary, and Defendants therefore deny the same and demands strict proof thereof.

8. Paragraph 8 requires a legal conclusion to which no response is necessary, and Defendants therefore deny the same and demands strict proof thereof.

9. Paragraph 9 requires a legal conclusion to which no response is necessary, and Defendants therefore deny the same and demands strict proof thereof.

10. Defendants lack sufficient knowledge and information to admit or deny what actions, if any, Plaintiff undertook as part of his response to the scene; and therefore, Defendants deny the same and demand strict proof thereof. To the extent this paragraph requires a legal conclusion, no response is required, and it is therefore deemed denied.

11. Paragraph 11 requires a legal conclusion to which no response is necessary, and Defendants therefore deny the same and demands strict proof thereof.

12. Paragraph 12 requires a legal conclusion to which no response is necessary, and Defendants therefore deny the same and demands strict proof thereof.

## Count I: Negligence
## (Plaza Construction, LLC/Respondeat Superior)

13. Defendants' responses set forth in Paragraphs 1 through 12 are hereby incorporated by reference as if fully set out herein.

14. Paragraph 14 requires a legal conclusion to which no response is necessary, and Defendant Plaza Construction, LLC therefore denies the same and demands strict proof thereof.

15. Paragraph 15 requires a legal conclusion to which no response is necessary, and Defendant Plaza Construction, LLC therefore denies the same and demands strict proof thereof.

16. Paragraph 16 requires a legal conclusion to which no response is necessary, and Defendant Plaza Construction, LLC therefore denies the same and demands strict proof thereof.

17. Paragraph 17 requires a legal conclusion to which no response is necessary, and Defendant Plaza Construction, LLC therefore denies the same and demands strict proof thereof.

18. Paragraph 18 requires a legal conclusion to which no response is necessary, and Defendant Plaza Construction, LLC therefore denies the same and demands strict proof thereof.

Plaintiff's "WHEREFORE" paragraph requires a legal conclusion to which no response is necessary, and therefore, Defendant Plaza Construction, LLC therefore denies the same and demands strict proof thereof.

## Count II: Negligence
## (Plaza Construction DC, LLC/Respondeat Superior)

19. Defendants' responses set forth in Paragraphs 1 through 18 are hereby incorporated by reference as if fully set out herein.

20. Paragraph 20 requires a legal conclusion to which no response is necessary, and Defendant Plaza Construction DC, LLC therefore denies the same and demands strict proof thereof.

21. Paragraph 21 requires a legal conclusion to which no response is necessary, and Defendant Plaza Construction DC, LLC therefore denies the same and demands strict proof thereof.

22. Paragraph 22 requires a legal conclusion to which no response is necessary, and Defendant Plaza Construction DC, LLC therefore denies the same and demands strict proof thereof.

23. Paragraph 23 requires a legal conclusion to which no response is necessary, and Defendant Plaza Construction DC, LLC therefore denies the same and demands strict proof thereof.

24. Paragraph 24 requires a legal conclusion to which no response is necessary, and Defendant Plaza Construction DC, LLC therefore denies the same and demands strict proof thereof.

Plaintiff's "WHEREFORE" paragraph requires a legal conclusion to which no response is necessary, and therefore, Defendant Plaza Construction DC, LLC therefore denies the same and demands strict proof thereof.

### Count III: Negligence
### (Jason L. Greaves)

25. Defendants' responses set forth in Paragraphs 1 through 24 are hereby incorporated by reference as if fully set out herein.

26. Paragraph 26 requires a legal conclusion to which no response is necessary, and Defendant Greaves therefore denies the same and demands strict proof thereof.

27. Paragraph 27 requires a legal conclusion to which no response is necessary, and Defendant Greaves therefore denies the same and demands strict proof thereof.

28. Paragraph 28 requires a legal conclusion to which no response is necessary, and Defendant Greaves therefore denies the same and demands strict proof thereof.

29. Paragraph 29 requires a legal conclusion to which no response is necessary, and Defendant Greaves therefore denies the same and demands strict proof thereof.

30. Paragraph 30 requires a legal conclusion to which no response is necessary, and Defendant Greaves therefore denies the same and demands strict proof thereof.

31. Paragraph 31 requires a legal conclusion to which no response is necessary, and Defendant Greaves therefore denies the same and demands strict proof thereof.

Plaintiff's "WHEREFORE" paragraph requires a legal conclusion to which no response is necessary, and therefore, Defendant Greaves therefore denies the same and demands strict proof thereof.

The Defendants deny each and every allegation in the Complaint not specifically admitted herein. The Defendants also deny any and all allegations contained in any numbered or unnumbered WHEREFORE paragraphs, as well as any and all allegations contained in unnamed or named paragraphs that re-plead, re-allege, or incorporate the allegations of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Defendants did not owe a duty of care to Plaintiffs.

### Third Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Defendants did not breach any duty of care to Plaintiff.

### Fourth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Defendants' actions and/or omissions were not the proximate cause of Plaintiff's damages.

### Fifth Affirmative Defense

Defendants cannot be held liable because Plaintiff has alleged damages that were caused by supervening and/or intervening causes.

### Sixth Affirmative Defense

Plaintiff failed to mitigate his alleged injuries and damages.

### Seventh Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because his injuries and damages, if any, were caused by Plaintiff's contributory negligence.

### Eighth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because his injuries and damages, if any, were caused by Plaintiff's own actions, conduct and/or behavior.

### Ninth Affirmative Defense

Defendants assert the independent contractor defense.

### Tenth Affirmative Defense

Plaintiff has waived his right to a jury trial pursuant to the contract between Defendants and Plaintiff's employer.

### Eleventh Affirmative Defense

Plaintiff's allegations indicate he was injured within the course of his employment and therefore, his claims are barred under the Worker's Compensation Statute, D.C. Code § 32-1504.

**Twelfth Affirmative Defense**

All allegations not specifically responded to are denied, and Defendants reserve the right to assert any and all additional defenses based on the evidence adduced in discovery and as litigation develops.

WHEREFORE, Defendants respectfully request Plaintiff's Complaint be dismissed with prejudice.

Respectfully submitted,

Eccleston & Wolf, P.C.

/s/
Justin M. Flint (#491782)
Abby A. Franke (#1030041)
1629 K Street, N.W., Suite 260
Washington, DC 20006
(202) 857-1696 (Tel)
(202) 857-0762 (Fax)
flint@ewdc.com
franke@ewdc.com
*Counsel for Defendants Plaza Construction, LLC, Plaza Construction DC, LLC, and Jason L. Greaves*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day of May 29, 2020, a copy of the foregoing Defendants' Answer to Plaintiff's Complaint was served on Counsel of Record electronically via this Court's electronic filing system.

/s/
Abby A. Franke (#1030041)